NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2059
_____

DORCAS HOLMES, Appellant

v.

ROBERT GATES,
Secretary of Defense
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-08-cv-02152)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2010

Before:  RENDELL, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: December 14, 2010)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Dorcas Holmes appeals a judgment of the District Court dismissing her Title VII

employment discrimination action.  We will affirm.

I.

Because we write for the parties, we recount only those facts essential to our analysis.

Holmes works as a conference center facilitator at the Defense Logistics Agency (DLA), a subordinate agency of the Department of Defense. In November 2008, she sued Secretary of Defense Robert Gates under Title VII of the Civil Rights Act of 1964, alleging that she was subjected to racial discrimination, harassment, retaliation, and that the work environment at the DLA was hostile and abusive.

Gates filed a motion for a more definite statement, claiming that Holmes failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Holmes filed an amended complaint and Gates again moved for a more definite statement or, in the alternative, for dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim. The District Court granted Gates's motion for a more definite statement, finding that Holmes's amended complaint still did not meet the pleading requirements as outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009).

In response to the order of the District Court, Holmes submitted a second amended complaint, which was largely identical to her prior amended complaint, prompting Gates again to seek dismissal under Rule 12(b)(6). Holmes sought leave to amend her

2

complaint a third time, but the District Court denied Holmes's motion and dismissed her

claim with prejudice.[1]  This appeal followed.

## II.

We exercise plenary review over the dismissal of a complaint pursuant to FED. R.

CIV. P. 12(b)(6).  *See Atkinson v. LaFayette College*, 460 F.3d 447, 451 (3d Cir. 2006).

We review a district court's decision refusing leave to amend a pleading for abuse of

discretion.  *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159,

163 (3d Cir. 2010).

## III.

## A.

To survive a motion to dismiss, Holmes's complaint must set forth "enough facts

to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A claim

is plausible if it "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at

1949 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has

---

[1]  In refusing to allow Holmes to amend her complaint for a third time, the District Court noted that her proposed amendment "continues to assert the same conclusory statements as in the previous three iterations of Plaintiff's complaint."  *Holmes v. Gates*, No. 1:08-CV-2152, 2010 WL 956412, at *4 n.3 (M.D. Pa. Mar. 11, 2010).

acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[2] *Id.* at 1950.

After *Iqbal*, district courts must conduct a two-part analysis when evaluating a motion to dismiss for failure to state a claim.

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

---

[2] Holmes argues that the District Court failed to adequately contextualize her claim. Specifically, she contends that "[t]he context set forth in the Complaint shows a small universe, the DLA," and that "the only difference between Ms. Holmes and the other similarly situated employees is that she is African-American, and has consistently complained about racial inequality within her small place of employment." Appellant's Brief at 22-23, *Holmes v. Gates*, No. 10-2059 (3d Cir. Aug. 2, 2010). She suggests that the District Court failed to properly infer from this context that the adverse treatment she experienced was plausibly the result of racial discrimination. However, because Holmes fails to allege sufficiently specific instances of adverse treatment, her complaint lacks the factual basis from which the District Court might have drawn this inference.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949-50). If, upon completing this analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## B.

In refusing to allow Holmes to amend her complaint for a third time, the District Court noted that her proposed amendment "continues to assert the same conclusory statements as in the previous three iterations of Plaintiff's complaint." *Holmes v. Gates*, No. 1:08-CV-2152, 2010 WL 956412, at *4 n.3 (M.D. Pa. Mar. 11, 2010). Our review of the record confirms the District Court's analysis. The three iterations of Holmes's complaint consist essentially of conclusory allegations, which lack sufficient factual support to state a plausible claim for relief. Holmes's second amended complaint states that she "is an adult African-American female" and that she "has been employed by the Defense Logistics Agency . . . since 1995." App. 19-20. Holmes alleges that "[t]hroughout her employment, [she] has complained about mismanagement, malfeasance, and racially discriminatory practices by management officials," which has led to "racially discriminatory and retaliatory practices [being employed] against her." *Id.* at 20. She further claims that these "practices have kept her stagnant in her career despite

5

her qualifications and efforts to advance with the DLA." *Id.* Holmes alleges the discrimination against her was manifest in the following ways: "the failure and refusal to reimburse her for tuition that similarly-situated non-minority coworkers and/or coworkers who have not engaged in a history of protected activities would have had paid"; "the denial of leave without pay for additional training"; "the denial of additional promotional opportunities"; "keeping her working in a cold and drafty hallway, to her known physical detriment"; and "otherwise creating a hostile[,] offensive and abusive work environment through the abusive working conditions, repeated and bogus disciplinary suggested actions, lies and deceit in connection with the foregoing adverse employment actions, and overt and covert acts of racial animus." *Id.* at 21.

Holmes argues that through "her factual allegations [averring that] the treatment she has received is different than that experienced by non-minority employees who do not complain about racial issues, she has set forth enough facts to nudge her claim from the possible to the plausible." Appellant's Br. at 20. We disagree.

Holmes's complaint consists of generalized grievances, lacking the requisite specificity to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-

6

harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

"Threadbare recitals of a cause of action's elements, supported by mere conclusory

statements, do not suffice." *Id.*

Despite the multiple opportunities Holmes had to amend her complaint, she failed

to marshal anything but conclusory allegations to support her claim. As the District Court

quite properly noted,

> [Holmes] might have cured her complaint by answering some very basic
> questions: What sort of conduct does [she] deem was retaliatory or
> harassing? What sorts of promotional opportunities were denied to her?
> What conditions of her employment were degrading and humiliating?
> When was she denied reimbursement for tuition or denied leave to pursue
> additional training and for what types of programs? What specific working
> conditions created a hostile work environment? What disciplinary actions
> were taken against her? What were the lies that were told to her in
> connection to her employment? What were specific actions of racial
> animus against her?

*Holmes v. Gates*, 2010 WL 956412, at *4 n.2. Holmes had three opportunities to include

these kinds of facts in her complaint, yet she repeatedly failed to do so. Accordingly, the

District Court did not err in dismissing her complaint.