NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3431
_____

DORCAS HOLMES,
                                        Appellant

v.

FED EX; JEFFREY BENEDICT; JOHN/JANE DOES;
POLLY CHARBONNEAU; JOANN SCHOPMAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00767)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2014

Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Filed: February 24, 2014)

_____

OPINION
_____

PER CURIAM

Dorcas Holmes appeals from an order dismissing her complaint against Federal

Express Corporation ("FedEx") and one of its employees.  We will affirm.

Holmes, an employee of the Defense Logistics Agency ("DLA"), is African-

American and has been involved in litigation relating to her allegations of employment discrimination for some time. See, e.g., Holmes v. Gates, 403 F. App'x 670 (3d Cir. 2010). In the amended complaint at issue here, she alleges that FedEx and Jeffrey Benedict, a FedEx delivery driver, conspired with certain of her coworkers to violate her civil rights.[1]

The gist of Holmes's claims appears to be that FedEx and Benedict interfered with her employment because she is African-American. According to Holmes, Benedict told her during a delivery that he overheard her coworkers making comments about her. Holmes reported the incident to her supervisor but, when Holmes asked Benedict to provide a statement on her behalf, he refused. Benedict instead provided a statement to DLA that Holmes alleges was false and led to her three-day suspension. Holmes has not specified what Benedict told her or the contents of his statement. She also alleges no specific action on the part of FedEx, but she claims that FedEx and Benedict reached an "illicit agreement" with DLA to craft Benedict's allegedly false statement.

On the basis of these allegations, Holmes asserted claims under 42 U.S.C. §§ 1981, 1982, 1983 and 1985. The District Court, adopting a Magistrate Judge's recommendation to grant FedEx's and Benedict's Rule 12(b)(6) motion, dismissed Holmes's claims with prejudice. Holmes appeals.[2]

---

[1] She also named two of her coworkers as defendants, but the District Court dismissed her claims against them and she has not challenged that ruling on appeal.

[2] We have jurisdiction under 28 U.S.C. § 1291. Our review of the dismissal under Rule 12(b)(6) is plenary. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013). To survive a motion to dismiss, the plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face" and show "more than a sheer possibility that a defendant has acted

2

We agree that Holmes's amended complaint fails to state a claim substantially for the reasons explained by the Magistrate Judge and the District Court.[3] On appeal, Holmes challenges only the dismissal of her claim under § 1981. That claim required her to allege, inter alia, that defendants acted with the "intent to discriminate on the basis of race" in connection with "one or more of the activities enumerated in the statute," including the right to make contracts. Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001). We agree with the District Court that Holmes's complaint contains nothing plausibly suggesting these elements. Holmes relies on Benedict's awareness of her race, but that mere awareness, particularly in light of the conclusory nature of Holmes's other allegations, is patently insufficient to raise an inference of discrimination under § 1981. We further agree that permitting Holmes to amend her complaint again would be futile. We do not consider factual allegations that Holmes has made for the first time on appeal except to note that none of them suggests that she could amend her complaint to state a plausible claim.

For these reasons, we will affirm the judgment of the District Court.

---

unlawfully." Id. (quotation marks omitted). We review the dismissal without leave to amend for abuse of discretion. See id. at 217.

[3] The District Court also held that her claims are barred by the statute of limitations, but we need not reach that issue.